**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1559-18

IN THE MATTER OF THE
REQUEST FOR EMERGENCY
AID SUBMITTED BY THE
BOARD OF EDUCATION OF
THE NORTH WARREN
REGIONAL SCHOOL DISTRICT.

_____

Submitted June 3, 2020 – Decided July 16, 2021

Before Judges Fuentes, Haas, and Enright.

On appeal from the New Jersey Commissioner of Education.

Fogarty & Hara, attorneys for appellant Board of Education of the North Warren Regional School District (Robert D. Lorfink, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michal Czarnecki, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

The North Warren Regional School District challenges a decision made by the Commissioner of Education to deny its application for emergency state aid. On March 15, 2018, the District learned that it was projected to receive $5,034,937 in state aid from the Department of Education for the 2018-2019 school year or FY2019. However, on July 13, 2018, the District discovered that its projected state aid for FY2019 would be reduced by $253,897, lowering the total amount of state aid to $4,781,040.

On August 30, 2018, the District applied to the Commissioner for $153,897 in emergency state aid. The Commissioner has the authority to determine the repayment terms for emergency aid applications and decided to defer acting upon the District's application until the Department of Education conducted a "district needs assessment." The Commissioner ultimately denied the District's emergency aid application because the District has alternative financial resources that may be utilized to offset the reduction in state aid.

In this appeal, the District argues the Commissioner's decision to deny its application was arbitrary, capricious, and unreasonable because he failed to employ a "readily identifiable standard for the district needs assessment." The District maintains that this approach violated the Administrative Procedures Act. We reject these arguments and affirm.

A-1559-18

On March 15, 2018, the District received its projected State financial aid for the 2018-2019 school year. In this document, the Department of Education (DOE) apprised appellant that it would receive $5,034,937 in State aid for the 2018-2019 school year. On July 13, 2018, the Commissioner issued a Fiscal Year 2018-2019 State Budget Notification to all chief school administrators and charter school leads in which he explained that the Governor had "reached an agreement with the [L]egislature on the Fiscal Year 2019 state budget, which includes revised state aid for all school districts." The Commissioner made clear that "[a]ny district that is set to receive less state aid in the revised notice must follow the instructions in the [attached] guidance document."

On that same date, appellant became aware that its total aid for FY2019 had been reduced by $253,897, bringing the total amount of state aid for FY2019 to $4,781,040. This revised budget fell below the amount of state aid received by appellant during the 2017-2018 school year. The DOE memorandum attached thereto explained that "[a]ny district notified of a reduction in state aid must reduce its budgetary basis state aid revenue and receivable" for 2018-19. The DOE provided school districts that experienced a reduction in state aid with several options to be adopted by local board of education resolution:

> 1. Use unassigned general fund surplus to maintain budgeted appropriations; or

2. Request Commissioner approval to withdraw from emergency reserve; or

3. Pursuant to N.J.A.C. 6A:23A-14.2(d), withdraw from maintenance reserve to cover budgeted required maintenance costs; or

4. Reduce appropriations for 2018-19; or

5. A combination of 1, 2, 3, and 4 above.

The DOE Notice made clear that those school districts that received a reduction in general fund state aid were entitled to apply for emergency aid, provided they "are able to demonstrate fiscal distress." (Emphasis added). On August 3, 2018, the DOE issued a supplemental "guidance" document that provided school districts with comprehensive instructions on how to navigate the application process successfully. This included a two-page list of twenty-four required documents.

After it received this information, appellant modified its recently negotiated employee health care base and reduced its budgeted appropriations by $100,000. On August 30, 2018, appellant submitted to the DOE a 211-page application requesting $153,897 in emergency aid. The application identified the following six indicators of fiscal distress: (1) "[a]n inadequate fund balance mandate;" (2) the tax levy cap; (3) "[a]n error on the Aid Reduction

4

Calculation;" (4) "[s]udden [c]hanges to [g]uidance on State [a]id;" (5) "[c]ontinued [r]eductions to [e]xtraordinary [a]id;" and 6) "[u]nreasonable [a]djusted [t]uition [r]ates by Warren County Special Services School District."

On October 26, 2018, the Commissioner denied appellant's application for emergency aid. The Commissioner noted the DOE had reviewed the school district's application and considered other "fiscal information necessary for a thorough review including, but not limited to, historical reserve balances and statistical trend information . . . obtained from the district's fiscal year end June 30, 2017, Comprehensive Annual Financial Report (CAFR) and from the district's 2018-2019 original budget certified for taxes." Based on these data, the Commissioner found approximately $496,000 in unbudgeted available funds.

Appellant argues the Commissioner's denial of its emergency aid application is unreasonable because it would require appellant "to invade" the meager funds it has in reserves. According to appellant, the Commissioner unreasonably failed to recognize that the combination of the District's tuition adjustment and an unexpected loss of $253,897 in state aid constitutes "fiscal distress" within the meaning of the DOE's guidelines. Under these circumstances, appellant maintains the Commissioner unreasonably

5

contravened the legislature's intent for emergency aid to be more accessible by denying appellant's application. L. 2018, c. 54, §34.

In response, the Commissioner argues appellant's application did not accurately reflect the District's true fiscal status. The Commissioner found that North Warren's projection of $250,000 in surplus for FY18 significantly undervalued its actual unspent appropriations of approximately $565,100. Furthermore, the DOE authorized the District to withdraw funds from its maintenance reserve account to appropriate funds for required maintenance costs. See N.J.A.C. 6A:23A-14.2(d). According to the Commissioner, the availability of these funds supported his determination that emergency aid was unnecessary.

Our Supreme Court has recently reaffirmed the guiding principle of judicial review of a decision made by a State administrative agency.

> We will not overturn an agency determination unless it is arbitrary, capricious, or unreasonable. The party challenging the agency action has the burden to show that the administrative determination is arbitrary, capricious or unreasonable.
>
> The deferential standard that governs administrative appeals
>
>> is consistent with the strong presumption of reasonableness that an appellate court must accord an administrative agency's

exercise of statutorily delegated responsibility. The standard also recognizes the "agency's expertise and superior knowledge of a particular field," as well as the Judiciary's "limited role . . . in reviewing the actions of other branches of government.

[In re Renewal TEAM Acad. Charter Sch., ____ N.J. ____, ____ (2021), slip op. at 36. (internal citations omitted).

Against this standard of review, we discern no legal basis to disturb the Commissioner's decision. Appellant's argument is predicated in large part on how the DOE decided different school districts' applications for emergency aid as an indicator of arbitrary, disparate treatment. This argument is unavailing. The Commissioner found that the District had sufficient funds available to react to the reduction in State aid without requiring emergency aid. It is beyond this court's role to substitute our judgment and overrule the Commissioner's expertise displayed in his well-grounded decision.

Finally, appellant argues that the Commissioner reached this decision in violation of the Administrative Procedures Act and urges this court to characterize the DOE's actions here as the functional equivalent of promulgating a regulatory scheme. This argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3 (1)(e)(E). The informational memoranda the

DOE distributed to the school districts merely explained the application process. The information contained therein informed districts of the parameters of the needs assessment required by the FY19 Appropriations Act. The Commissioner's decision to grant or deny an emergency aid application for FY19 is an exercise of the powers of his office and do not create a new legal standard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1559-18